UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNNY VALENTIN,

    Plaintiff,

v.

                        CASE NO.:

COMENITY, LLC.
    Defendant.
_____/

## COMPLAINT

Plaintiff, JOHNNY VALENTIN, by and through the undersigned counsel, and files this Complaint against Defendants, COMENITY, LLC., a Foreign for-profit Limited Liability Company ("Defendant"), for violations of 47 U.S.C. §§ 227 et seq., Telephone Consumer Protection Act (TCPA), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and Florida Statutes §§ 559.55 – 559.785, Florida Consumer Collection Practices Act (FCCPA); and in support thereof states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

2. Venue for purposes of this action is proper in this District pursuant to 28 U.S.C. § 1391.

3. Violations described in the Complaint occurred while Plaintiff was in Gibsonton, Florida.

### PARTIES

4. At all material times relevant to this action, Plaintiff is/was a natural person and citizen of the State of Florida, residing in Gibsonton, Florida

5. At all material times relevant to this action, Plaintiff is/was a "consumer" as defined in Florida Statute § 559.55(8) 15 U.S.C. § 1692(a)(3).

6. At all material times relevant to this action, Plaintiff is/was an "alleged debtor."

7. At all material times relevant to this action, Plaintiff was the "called party" during each phone call subject to this lawsuit. *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014); *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

8. At all material times relevant to this action, Defendant is/was a Foreign Profit Limited Liability Company and incorporated in Delaware; and conducts business in the State of Florida.

9. At all material times relevant to this action, Defendant is/was a "Creditor" as defined by Florida Statute § 559.55(5) and 15 U.S.C. § 1692(a)(4).

10. At all material times relevant to this action, Defendant is/was a "Debt Collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

## FACTUAL ALLEGATIONS

11. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute § 559.55(6) and 15 U.S.C. § 1692(a)(5).

12. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (813) 368-1285.

13. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

14. Defendant did not have the "express consent" of the Plaintiff to call his cell phone.

15. Defendant did not have the "express consent" per the TCPA to call the Plaintiff on his cell phone using an "automatic telephone dialing system" (ATDS).

16. Defendant was put on notice Plaintiff did not want the Defendant contacting his.

17. Defendant did not have the "express consent" of the Plaintiff to call his on any accounts in which Defendant made calls to the Plaintiff.

18. Defendant was told repeatedly to stop calling.

19. Any "expressed consent", to the extent any existed, the Defendant may have had or believed it had to contact the Plaintiff, was expressly revoked by the Plaintiff.

20. Any "expressed consent", to the extent any existed, the Defendant may have had or believed it had to contact the Plaintiff's aforementioned cellular telephone number by the use of an ATDS or a pre-recorded or artificial voice, was expressly revoked by the Plaintiff.

21. Upon information and belief, Defendant is in custody and control of audio recordings of all calls made to the Plaintiff which are the subject of this action.

22. Defendant attempted to collect an alleged debt from the Plaintiff by through its campaign of telephone calls with intent to annoy and harass the Plaintiff.

23. Defendant made at least one call to (813) 368-1285.

24. Defendant made at least one call to (813) 368-1285 using an ATDS.

25. Defendant made at least ten (10) calls to (813) 368-1285.

26. Defendant made at least ten (10) calls to (813) 368-1285 using an ATDS.

27. Defendant made at least fifty (50) calls to (813) 368-1285.

28. Defendant made at least fifty (50) calls to (813) 368-1285 using an ATDS.

29. Defendant made at least one hundred (100) calls to (813) 368-1285.

30. Defendant made at least one hundred (100) calls to (813) 368-1285 using an ATDS.

31. Defendant made at least two hundred (200) calls to (813) 368-1285.

32. Defendant made at least two hundred (200) calls to (813) 368-1285 using an ATDS.

33. Each call the Defendant made to (813) 368-1285 in the last four years was made using an ATDS.

34. Each call the Defendant made to the Plaintiff's cell phone was done so without the "express consent" of the Plaintiff.

35. Each call the Defendant made to the Plaintiff was made using an ATDS, which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

36. The calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the, 47 U.S.C. § 227(b)(1)(A).

37. Plaintiff repeatedly requested the Defendant to stop calling his cell phone, however, the Defendant continued to make calls.

38. Plaintiff's put Defendant on notice that Plaintiff did not want any phone calls from Defendant.

39. Defendant ignored Plaintiff's requests to not be contacted by Defendant.

40. Defendant has recorded at least one conversation with the Plaintiff.

41. Defendant has recorded numerous conversations with the Plaintiff.

42. Defendant has made approximately two hundred (200) calls to Plaintiff's aforementioned cellular telephone number in the past four years.

43. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abusive, annoying, and harassing robocalls.

44. Defendant's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in his cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

45. Defendant's phone calls harmed Plaintiff by wasting his time.

46. Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re: *Rules Implementing the TCPA of 1991*, 23 FCC Rcd 559, 562 (2007). Defendant's phone calls harmed Plaintiff by depleting the battery life on his cellular telephone, and by using minutes allocated to Plaintiff by his cellular telephone service provider.

47. Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have mistakenly believed it had.

48. Defendant's corporate policy and procedures provided no means for the Plaintiff to have his aforementioned cellular number removed from the call list.

49. Defendant has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

50. Defendant never had the Plaintiff's expressed consent for placement of telephone calls to his aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice.

51. No telephone calls made by the Defendant's to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

52. Defendant violated the TCPA and FCCPA with respect to the Plaintiff.

53.     Defendant willfully or knowingly violated the TCPA and FCCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

54.     Plaintiff incorporates Paragraphs one (1) through fifty-three (53).

55.     Defendant willfully violated the TCPA with respect to the Plaintiff each time they called the Plaintiff after she revoked his consent to be called by them using an ATDS or pre-recorded voice.

56.     Defendant knowingly violated the TCPA with respect to the Plaintiff, for each of the auto-dialed calls made to Plaintiff's cellular telephone after Plaintiff revoked his consent, to the extent any existed, to be called by Defendant using an ATDS or pre-recorded voice.

57.     Defendant, COMENITY, LLC., repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

58.     As a result of Defendant's conduct, Plaintiff suffered actual damages and, under § 227(b)(3)(B), is entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

59.     As a result of Defendant's knowing and willful conduct, Plaintiff is entitled to actual damages and, under § 227(b)(3)(C), is entitled to, inter alia, a an award to an amount equal to not more than 3 times the amount in paragraph fifty-nine (59) above for each such violation of the TCPA.

60.     Plaintiff is also entitled to, and does, seek injunctive relief prohibiting Defendant, COMENTY, LLC., from violating the TCPA in the future.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FDCPA)

61. Plaintiff incorporates Paragraphs one (1) through fifty-three (53).

62. At all times relevant to this action, Defendants are subject to and must abide by 15 U.S.C. § 1692 *et seq.*

63. Defendants engaged in an act or omission prohibited under 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

64. Defendants engaged in an act or omission prohibited under 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

65. Defendants engaged in an act or omission prohibited under 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FCCPA)

66. Plaintiff incorporates Paragraphs one (1) through fifty-three (53).

67. At all times relevant to this action Defendant is subject to Florida Statute § 559.72.

68. Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his family with such frequency as can reasonably be expected to harass the debtor or his family.

69. Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

70. Defendant has violated Florida Statute § 559.72(9) by attempting to enforce a debt when Defendant knew that the debt is not legitimate or asserted the existence of some legal right when Defendant knew that right does not exist.

71. Defendant's actions have directly and proximately resulted in Plaintiff's damages and entitlement thereto as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, and any other such relief the court may deem just and proper.

## COUNT IV
### (Invasion of Privacy – Intrusion Upon Seclusion)

72. Plaintiff incorporates Paragraphs one (1) through fifty-three (53).

73. Defendant through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

74. All of the calls made to Plaintiff's cell phone by Defendant and its agents using an automatic telephone dialing system were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

75. Defendant's persistent autodialed calls to his cellular phone eliminated Plaintiff's right to be left alone.

76. Defendant's autodialed collection calls disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff during mealtimes, disrupted Plaintiff during his work, and continually frustrated and annoyed Plaintiff.

77. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with his cellular phone.

78. By calling his cellular phone, Plaintiff had no escape from these collection calls either in his home or when she left the home.

79. By persistently autodialing Plaintiff's cellular phone without prior express consent, Defendant invaded Plaintiff's right to privacy under the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

80. Defendant's harassing collection conduct and tactic of repeatedly auto dialing Plaintiff to his cellular telephone after requests to stop is highly offensive to a reasonable person.

81. Defendant intentionally intruded upon Plaintiff's solitude and seclusion.

82. As a result of Defendant's action or inaction, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

Dated this 11th day of September, 2019.

Respectfully submitted,

*/s/ Bobby A. Lean, Jr.*
Carlos V. Leach, Esq.
Florida Bar No.: 0540021
Bobby A. Lean, Jr., Esq.
Florida Bar No.: 118769
The Leach Firm, P.A

        1950 Lee Rd., Suite 213
        Winter Park, FL 32789
        Telephone: (407) 574-4999
        Facsimile: (833) 423-5864
        Primary Email: blean@theleachfirm.com
        Secondary Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiffs***